SMITH ET AL., RESPONDENTS, *v.* DUFF ET AL., DEFENDANTS. KITTO ET AL., APPELLANTS.

(No. 2,607.)

(Submitted April 12, 1909. Decided July 3, 1909.)

[102 Pac. 981.]

*Waters and Water Rights—Adverse User—What Constitutes— Evidence—Insufficiency.*

Appeal—Dismissal—Technical Grounds.

1. The law favors the right of appeal; hence, where a substantial compliance with the statutes and rules of the supreme court regulating appeals is shown, dismissal, asked on purely technical grounds, will not be ordered.

Water Rights—Adverse User—Burden of Proof.

2. The burden of proving an adverse user of water rests upon him who alleges it.

Same—Adverse User—What Constitutes.

3. In order that the use of water may be said to have ripened into a right by adverse user, such use must have been open, notorious, continuous, adverse and exclusive, under a claim of right, for the statutory period of ten years.

Same.

4. Proof of the mere use of water for the statutory period is not sufficient to show that it was adverse. To constitute an "adverse" user, the prior appropriator must have been deprived of the water when he had actual need of it, and the use must have been such that during the entire statutory period he could have maintained an action against the party claiming the prescriptive right.

Same—Adverse User—Evidence—Insufficiency.

5. Proof that claimants of water by adverse use took all that flowed in a creek at low-water season and thus deprived others thereof, did not meet the requirements of the rule declared in paragraph 4, *supra,* where it appeared that water sufficient to mature the crops of the parties against whom the prescriptive right was claimed, had always been available, and that they ceased irrigating their hay lands at about the time the adverse claimants asserted they deprived them of the water, and where the evidence failed to show that the prior appropriators did not have other crops which needed irrigation after that time.

*Appeal from District Court, Broadwater County; W. R. C. Stewart, Judge.*

ACTION by Joseph E. Smith and another against A. T. Duff and others; from a judgment determining water rights, defendants James Kitto and David F. Williams appeal. Affirmed.

*Mr. C. B. Nolan,* for Appellants.

The question as to whether or not Kitto and Williams had acquired title by adverse user to the water claimed by them was an issue of fact by the pleadings and under the proof, and the court should have made a finding thereon. (*Estill* v. *Irvine,* 10 Mont. 512, 26 Pac. 1005; *Quinlan* v. *Calvert,* 31 Mont. 115, 77 Pac. 428.) The failure to make findings on material issues is reversible error. (*Christy* v. *Spring Valley W. W.,* 84 Cal. 541, 24 Pac. 307; *McTarnahan* v. *Pike,* 91 Cal. 540, 27 Pac. 784; *Ball* v. *Kehl,* 95 Cal. 606, 30 Pac. 780; *Duane* v. *Neumann* (Cal.), 2 Pac. 274; *Hawes* v. *Green* (Cal.), 3 Pac. 496; *Ross* v. *Evans,* 65 Cal. 439, 4 Pac. 443; *Casey* v. *Jordan* (Cal.), 9 Pac. 99; *Conklin* v. *Stone* (Cal.), 6 Pac. 378; *Everett* v. *Jones,* 32 Utah, 489, 91 Pac. 360; *Levinston* v. *Ryan,* 75 Cal. 293, 17 Pac. 239; *Later* v. *Haywood,* 14 Idaho, 45, 93 Pac. 374.) It was the duty of the court to supply omissions in the findings when its attention was called to such omissions. (*Luse* v. *Isthmus T. R. Co.,* 6 Or. 125, 25 Am. Rep. 506; *Simmons* v. *Richardson,* 5 Hun, 177; *Logan* v. *Hale,* 42 Cal. 646; *Ogburn* v. *Connor,* 46 Cal. 353, 13 Am. Rep. 213; *Hayes* v. *Wetherbee,* 60 Cal. 399; *Mitchell* v. *Jensen,* 29 Utah, 346, 81 Pac. 165.) Where evidence is introduced on a material issue, the court should make the finding thereon, and until such finding is made judgment may not be properly rendered. (*Dieterle* v. *Bekin,* 143 Cal. 683, 77 Pac. 664.)

In view of the undisputed testimony that appellants' predecessors took all the water in the stream during its low state, and at a time when the water was needed by respondents, there is no element of adverse user that is not met by the proof. (See *Hubbs* v. *Pioneer Water Co.,* 148 Cal. 407, 83 Pac. 253; *Gutierrez* v. *Wege,* 145 Cal. 730, 79 Pac. 449; *Talbott* v. *Butte City Water Co.,* 29 Mont. 17-27, 73 Pac. 1111; *Norman* v. *Corbley,* 32 Mont. 195, 79 Pac. 1059.) And in view of the testimony of the taking of the waters by appellants and their predecessors, the burden is on the respondents to show, if they so claim, that notwithstanding the taking, there was still sufficient for

their use. (*Gardner* v. *Wright,* 49 Or. 609, 91 Pac. 286; *Gurnsey* v. *Antelope Creek Co.,* 6 Cal. App. 387, 92 Pac. 326.)

*Mr. T. J. Walsh, Mr. W. T. Pigott, Messrs. Walsh & Newman,* and *Mr. Geo. F. Cowan,* for Respondents.

The right to take water from a stream is an easement (*Smith* v. *Denniff,* 24 Mont. 20, 81 Am. St. Rep. 408, 60 Pac. 398, 50 L. R. A. 741); and a prescriptive right to an easement is acquired by adverse user of the thing, not by adverse possession of it. (*Roe* v. *Howard Co.,* 75 Neb. 448, 106 N. W. 587, 5 L. R. A., n. s., 831; *Ballard* v. *Demmon,* 156 Mass. 449, 31 N. E. 635.) Constructive possession will not justify a claim of prescriptive right to those things which can be possessed. It must be actual. And a plea of prescription must aver that possession was "actual." (13 Ency. of Pl. & Pr. 286; *Omaha etc. Trust Co.* v. *Parker,* 33 Neb. 775, 29 Am. St. Rep. 506, 51 N. W. 139; 1 Am. & Eng. Ency. of Law, 822.) "Adverse possession to ripen into a prescriptive title must be actual, open, notorious, exclusive and continuous for the statutory period." (*Wilson* v. *Braden,* 56 W. Va. 372, 107 Am. St. Rep. 927, 49 S. E. 409; see, also, *Evans* v. *Templeton,* 69 Tex. 375, 5 Am. St. Rep. 71, 6 S. W. 843; *Faull* v. *Cooke,* 19 Or. 455, 20 Am. St. Rep. 836, 26 Pac. 662.) One claiming a prescriptive right to the use of water must make it good by "clear and unequivocal proof." (*Union Mill & Min. Co.* v. *Ferris,* 24 Fed. Cas. 599, Fed. Cas. No. 14,371, 2 Saw. 176; *Evans* v. *Welch,* 29 Colo. 355, 68 Pac. 776.)

To establish the right to the use of water by adverse user, if properly pleaded, the burden is upon the party asserting that right to establish by a preponderance of evidence (1) that the water was used for a full period of ten years; (2) that during that period it was applied to a beneficial use; (3) that such use was hostile, open, notorious and continuous; (4) that it was so used under a claim of right with the intention of establishing title thereto; (5) that such use was adverse to the other parties in this: that they were deprived of the

use of water at a time when they required it for the purpose of irrigation or other beneficial use; and (6) that they had notice of such adverse user and claim. The evidence shows that the appellants failed to establish any of these elements. The evidence to sustain such right must be clear and positive. It cannot be sustained or made out by inference or presumption. (*Kurz* v. *Miller,* 89 Wis. 426, 62 N. W. 182; *Ayers* v. *Reidel,* 84 Wis. 276, 54 N. W. 588; *Dhein* v. *Beuscher,* 83 Wis. 316, 53 N. W. 554.) Nothing must be left to conjecture or presumption. (*Heller* v. *Cohen,* 154 N. Y. 299, 48 N. E. 527.) Such possession must be to the exclusion of all others. (*Ward* v. *Cochran,* 150 U. S. 597, 14 Sup. Ct. 230, 37 L. Ed. 1195.) An entry or use must be open and notorious to give the owner notice of hostile claim. (*Millett* v. *Lagomarsino* (Cal.), 38 Pac. 308.)

HONORABLE LLEWELLYN L. CALLAWAY Judge of the Fifth Judicial District, sitting in place of MR. JUSTICE SMITH, delivered the opinion of the court.

An extended statement of the case will not be useful. Suffice it to say that, while the district court of Broadwater county was trying the cause which seems to have involved all the waters of Crow creek, the appellants seasonably requested the court to find them to be the owners of the right to use the waters claimed by them by adverse user, rather than by appropriation. The court refused to make any finding on the subject of adverse user. It gave appellants a water right based upon appropriation solely, which made them subsequent to many other appropriators on the stream. A decree having been entered, appellants moved for a new trial, which was denied. They then appealed to this court from the order denying the motion, and from the judgment.

The respondents moved to dismiss the appeals, assigning several grounds of a technical kind. These we brush aside, because the grounds are purely technical, and because the law favors the right of appeal. A substantial compliance with the

statutes and the rules of this court is all that is required. (*Payne* v. *Davis,* 2 Mont. 381; *Morin* v. *Wells,* 30 Mont. 76, 75 Pac. 688; *Butte Mining & Milling Co.* v. *Kenyon,* 30 Mont. 314, 76 Pac. 696.)

Appellants rely upon this point alone: They say the court erred in failing to act upon their request for a finding that they were entitled to the water claimed by them by adverse use; that, upon the evidence, it should have made such a finding in their favor. We have concluded that the court did not so err.

The appellants having alleged themselves to be the owners of the right to use the waters claimed by them, the burden is on them to prove it. (Revised Codes, secs. 7886, 7972; Long on Irrigation, sec. 92; *Talbott* v. *Butte City Water Co.,* 29 Mont. 17, 73 Pac. 1111.) Because of the nature of the right, the elements constituting it must be proven satisfactorily and unequivocally; and no doubtful inference will suffice. The right by adverse user, or prescription, is acquired, in some measure, by an invasion of the rights of others—it bears a sort of kinship, by refined descent, to the "possession by bow and spear" of an earlier time; it is based upon a positive assertion of right in and by the water user in derogation of the rights of everyone else. In order to constitute an ownership by adverse user, say the authorities, the use must have been open, notorious, continuous, adverse and exclusive under a claim of right, for the statutory period, which in this state is now ten years. (See *Talbott* v. *Butte City Water Co.,* 29 Mont. 17, 73 Pac. 1111, and authorities cited.) While the authorities use both the words "open" and "notorious," the use of either would seem to be sufficient, as they are practically synonymous when used in this connection, as inspection of the dictionaries will show. We advert to this because of the contention of counsel respecting the pleadings. Because of the conclusion to which we have come, we do not make further mention of the pleadings.

It is essential that the use be shown to have been adverse. Proof of the mere use of the water during the statutory period

is not sufficient. It is necessary that during the entire period an action could have been maintained against the party claiming the water by adverse user by the party against whom the claim is made. (*Talbott* v. *Butte City Water Co., supra; Chessman* v. *Hale,* 31 Mont. 577, 79 Pac. 254, 68 L. R. A. 410; *Norman* v. *Corbley,* 32 Mont. 195, 79 Pac. 1059; *Watts* v. *Spencer,* 51 Or. 262, 94 Pac. 39.) In the case last cited, *Watts* v. *Spencer,* the supreme court of Oregon said: "The acts by which it is sought to establish the prescriptive right must be such as to operate as an invasion of the right of the person against whom the prescriptive right is asserted, and will give cause of action in his favor. (Long on Irrigation, sec. 90.) No adverse user can be initiated until the owners of the superior right are deprived of the benefit of its use in such a substantial manner as to notify them that their rights are being invaded. (*Wimer* v. *Simmons,* 27 Or. 1, 50 Am. St. Rep. 685, 39 Pac. 6; *North Powder Co.* v. *Coughanour,* 34 Or. 9, 54 Pac. 223; *Bowman* v. *Bowman,* 35 Or. 279, 57 Pac. 546; *Boyce* v. *Cupper,* 37 Or. 256, 61 Pac. 642." See, also, *Bullerdick* v. *Hermsmeyer,* 32 Mont. 541, 81 Pac. 334.)

In *Talbott* v. *Butte City Water Co., supra,* this court said: "No use of water by a subsequent appropriator can be said to be adverse to the right of a prior appropriator, unless such use deprives the prior appropriator of it when he has actual need of it. To take the water when the prior appropriator has no use for it invades no right of his, and cannot even initiate a claim adverse to him." And in *Norman* v. *Corbley, supra,* it is said: "There is no evidence in this record that plaintiff did not have all the water required for his use from the date of its appropriation to the time this dispute arose, and the claim of a prescriptive right cannot be maintained."

Upon the record before us it cannot be said that appellants have proved that the use of the water has been adverse. They do not claim that there is any direct proof in the record that respondents were deprived of any water to which their appropriations entitled them, at any time when the respondents required it. They say the requisite proof is furnished by tes-

timony showing that at low-water season each year they took all the waters of Crow creek, thus depriving others of it, and by a statement, which is found in the record, to the following effect: The fact was established without contradiction that there was need for the water of Crow creek taken through their ditch by appellants, and that, during the irrigation season each year, each of the parties to the action had need for the water awarded them by the decree herein.

It appears that Crow creek runs a large volume of water in flood time, reaching its maximum in the month of June. Then there is abundance for all. The creek begins to recede about July 1st, and decreases until the later part of August, when the quantity is 700 or 800 inches, perhaps less. As the stream emerges from the mountains, it is tapped by several mining ditches which convey water to an auriferous bench, which lies westerly from Radersburg. This bench is seamed by a number of gulches leading into Crow creek, three of these being named Keating, Uncle Johnny, and Charity. Placer mining has been done on this bench and in these gulches, beginning with 1867 and continuing to the present time. After the water was used for this purpose it flowed into Crow creek, whence it was taken for agricultural purposes. Appellants sought to prove that, after allowing two agricultural rights to be supplied, which they concede to be superior to their own, they took from the stream all the water at low-water season. They say that when the high water receded, and as early as July 15 each year, they diverted the water by means of their mining ditches, used it for mining, and then conducted it to Keating gulch, in which they and their predecessors in interest have maintained a dam since and before the year 1884; from Keating gulch they conducted the water to their agricultural lands, and respondents never again became possessed of it. However, appellants' witnesses also testified that parties owning a ditch called the ''Swede'' ditch diverted large quantities of water from Crow creek for mining purposes. This water returned to Crow creek by way of Charity gulch and Swamp creek, a tributary of Crow, and thus became available to respondents.

In addition to this, above the point in Charity gulch where the water of the "Swede" ditch was used, a dam was constructed for the purpose of catching up appellants' water to convey it to Keating gulch; mining in this gulch deposited quantities of tailings, and these were "sluiced out," thus allowing the water so used to run into Swamp creek. There was no dam in Uncle Johnny's gulch, and, when mining was carried on, the waters used there ran into Crow creek. The record is not clear as to when the mining ceases each year, but there is testimony to the effect that it sometimes continues into the first week of August.

Were it to be conceded that appellants have proved their contention that after a certain date in each year they have taken all the waters from Crow creek, still the proof falls far short of completing their case. In addition to the statement in the record above quoted, that during the irrigation season of each year each of the parties to the action had need for the water awarded them by the decree, there is found in the record finding No. 40: "That each and all of the parties who made appropriations of water within these findings set forth, except those designated as for mining purposes, have used the same each year since the date of their respective appropriations, for the irrigation of their lands, and the respective amounts of water are necessary for the proper irrigation and cultivation of said lands." This finding stands unattacked and uncomplained of.

There was testimony introduced by respondents tending to show that water sufficient to mature their crops had always been available. There was no testimony to show that any of the respondents' crops had ever suffered from the want of water. The evidence indicates that the respondents, or some of them at least, did not irrigate their hay lands after July 15, which is the date which appellants fix as the time when they deprive the others of the water, and whether the respondents had any other crops which required water after that date is purely a matter of conjecture, upon the record.

As appellants have failed to show in the first instance that their use of the water has been adverse, they are not in a position to avail themselves of the rule stated in *Gardner* v. *Wright,* 49 Or. 609, 91 Pac. 286, and *Gurnsey* v. *Antelope Creek Co.,* 6 Cal. App. 337, 92 Pac. 326, upon which they rely; and as they did not, upon all the evidence in the case, prove one of the most essential elements in their alleged right, it may be said the most essential element, if any distinction is permissible, the court did not err in failing to find upon the question of adverse user submitted. The court cannot be in error in refusing to do a useless act.

The motion to dismiss the appeals is overruled, and the judgment and order are affirmed.

.          *Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

MR. JUSTICE SMITH, being disqualified, did not hear the argument, and takes no part in the foregoing decision.

(Submitted April 12, 1909.  Decided July 3, 1909.)