[No. 9502. Department One. December 20, 1911.]

GEORGE H. FARWELL et al., Appellants, v. GEORGE BRISSON et al., Respondents.[1]

WATERS AND WATER COURSES—RIPARIAN RIGHTS—PRESCRIPTION. Riparian rights to the waters of a creek are lost by adverse possession, where, for more than the statutory period, an upper proprietor, continuously appropriated and diverted the waters in good faith under a claim of right adverse to the lower owner.

JUDGMENT — RES JUDICATA—MATTERS CONCLUDED—WATERS—RIPARIAN RIGHTS. Where a lower riparian owner brought an action claiming forty inches of the flow of a creek, and was adjudged the prior right to use but nine inches, as the "reasonable portion" of the waters belonging to him, the judgment is res judicata and a bar to a second action brought against the same parties to determine his rights to the waters as a riparian owner.

[1]Reported in 119 Pac. 814.

Appeal from a judgment of the superior court for Chelan county, Grimshaw J., entered January 26, 1911, upon findings in favor of the defendants, in an action to determine riparian rights, after a trial on the merits.    Affirmed.

*Henry Crass* and *John E. Porter,* for appellants.

*W. O. Parr* and *Parr & Hubbard,* for respondents Brisson.

*Reeves, Crollard & Reeves,* for respondents Tanner *et al.*

MOUNT, J.—Plaintiffs brought this action for the purpose of determining the rights of riparian claimants to the waters of a certain creek known in the record as Canyon No. 2 creek.    All persons owning lands along this creek were made parties.    Certain parties appeared and contested the claims of the plaintiffs.    Upon a trial of the cause, the court concluded that the use of the waters of the creek, "by the above named defendants as riparian owners, has not been unreasonable nor in excess of their reasonable rights as such riparian owners, and that plaintiffs have received at all times a reasonable proportion of the waters of said stream."    A decree was accordingly entered in favor of defendants.    The plaintiffs have appealed.

Several assignments of error are made, but the only contention of the plaintiffs is that the court erred in not apportioning the water of the creek to the riparian owners according to the number of acres of land riparian to the stream.    It appears that this creek rises in the mountains in Chelan county, and flows in an easterly direction about twelve miles to the Columbia river.    The stream is a small one, and except in the early spring, when the snows are melting, the water does not have a continuous flow upon the surface of its bed, but in places sinks and again rises to the surface in its progress.    The foot hills on each side of the stream rise rather abruptly.    The stream is small and narrow, and the lands upon its banks are known as bench lands.

The lands of the respective parties to the suit are located

along the stream, from its source toward its mouth, in the following order: . (1) Defendants Martin's land; (2) defendants Tanner's land; (3) defendants Brisson's land; (4) plaintiffs Farwell's and Underwood's land; (5) defendants Dorman's land (the Dormans made default); (6) plaintiff Farwell's land.   It appears that, in the year 1906, the plaintiff Farwell brought an action against these same defendants and others, claiming forty inches of water from said creek, and seeking to enjoin the defendants in that action from interfering with his use of that amount of water.   In that action the court denied his claim to forty inches, but found that he was entitled to nine inches of water, and entered a decree accordingly.   No appeal was prosecuted, and the judgment became final.   The appellant Farwell in this action is apparently claiming an additional amount of water by reason of his alleged riparian rights.   On the trial, the court in this case found as follows:

"That the defendant Brisson at all times since his occupancy of the lands now held by him in section 13, township 22, north of range 19, and for more than ten years prior to the commencement of this action, has claimed the right to, and has in good faith, diverted and used for irrigation and domestic purposes, all the waters flowing in said stream at the point of intake as used by him during the irrigation period when water has been low in said stream.   That as disclosed by the evidence, at such times when he would be using all the surface flow in said creek by diversion at his intake, there would be about twice as much water flowing in the creek bed a short space below his point of diversion as would be flowing therein at the point of such diversion, so that Brisson's use of the water during such periods allowed him approximately one-third of the total flow of said creek above the point of diversion of plaintiffs Farwell.   That such diversion by defendant Brisson has at all times been continuous, open, notorious, and under claim of right adversely to the plaintiffs and to all the world, and has been made at times when the plaintiffs were desirous of irrigating their said lands and were demanding said waters for use in the irrigation thereof.   That said use by defendant Brisson

was by diversion at a point on said stream which is above the lands, or any of the lands, of plaintiffs, and such use deprived said plaintiffs of water which would otherwise have flowed down to the lands of plaintiffs and been there applied to irrigation, stock and domestic use. That as between the defendants Brisson and the owners and occupants of the tract known herein as the Underwood tract, the diversion and use by said defendants Brisson has been in all things and at all times under the same claim of right, for the same length of time, and with the same effect as to deprivation of water for use upon the said Underwood tract, as is set forth in finding fifteen, first above."

The evidence is sufficient to sustain these findings. It is apparent, therefore, that, whatever riparian rights the appellants may have had at one time in the water which had been continuously used by the defendant Brisson, such right has been lost by adverse user for the statutory time (*Mason v. Yearwood,* 58 Wash. 276, 108 Pac. 608, 30 L. R. A. (N. S.) 1158), even though there was no adjudication of such rights in the former action. It is clear, however, that the riparian rights of plaintiffs were adjudicated in this action, for the court concluded that "plaintiffs have received at all times a reasonable portion of the water of said stream." This was clearly an adjudication of the riparian rights, and also that defendants had not interfered with the plaintiffs' rights. The court was not necessarily bound to apportion a certain amount of water per acre of land in order to determine the riparian rights, for such rights are based upon reasonable use. 30 Am. & Eng. Ency. Law (2d ed.), p. 356.

Judgment affirmed.

Dunbar, C. J., Parker, Fullerton, and Gose, JJ., concur.