[No. 10562.   Department Two.   April 28, 1913.]

A. BARNES *et al.*, *Respondents*, v. OLE BELSAAS *et al.*,
*Appellants.*[1]

WATERS AND WATER COURSES—RIGHTS—QUIETING TITLE. An action
may be maintained to quiet title to water rights acquired by appro-
priation.

SAME—RIPARIAN RIGHTS—PRIORITIES. Riparian rights of pur-
chasers from the state subsequent to 1889, do not attach as of the
date of the government survey in the year 1871.

SAME—RIGHT TO WATERS — PRESCRIPTION — ADVERSE USE—WHAT
CONSTITUTES. A prescriptive right to the use of waters is not ac-
quired by subsequent appropriators where they did not continuously
for a period of ten years deprive the prior appropriators and their
respective predecessors in interest of water to which they were en-
titled, but merely from time to time trespassed upon the superior
rights of such prior appropriators.

Appeal from a judgment of the superior court for Kitti-
tas county, Preble, J., entered April 23, 1912, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury, in an action to quiet title. Af-
firmed.

*E. K. Brown* and *Pruyn & Hoeffler,* for appellants.

*Carroll B. Graves* and *John H. McDaniels,* for respondents.

MAIN, J.—This action was brought for the purpose of
quieting title to the right to use the waters of Manastash
creek.

The plaintiffs were forty-six in number, and the defend-
ants fifteen. Manastash creek rises in the mountains west of
the Kittitas Valley, and flows through a canyon until it en-
ters the valley, thence through the valley to the Yakima
river. The plaintiffs are the owners of farm lands in the
valley tributary to the creek, and they and their predecessors
in interest have appropriated water from the creek for irri-
gation purposes. It was stipulated upon the trial that the

[1]Reported in 131 Pac. 817.

plaintiffs or their predecessors in interest had all made appropriations of the water which they claimed between the years 1871 and 1877, and that the defendants' appropriations all dated subsequent to the year 1883.

The walls of the canyon between which the creek flows are high and steep, and at no place is the distance between them greater than one-half mile. Twelve of the defendants own land above the mouth of the canyon, three below the mouth of the canyon. Of these three, the lands of two are tributary to what is known as the Keach Ditch. During the spring of the year and the early part of the irrigation season, there flows in the creek a very considerable volume of water, but commencing in the month of July it diminishes rapidly, and during the months of August and September it becomes a very small stream. During the periods of moderate and low flow, the waters of the creek are not sufficient in quantity to meet the demands of the plaintiffs and also the defendants.

The amount of the water which each of the plaintiffs is entitled to, as between themselves, was adjudicated and determined by the superior court of Kittitas county in the year 1891. The total amount of water which the plaintiffs are entitled to under their appropriations is forty-two hundred inches, miner's measure, under a four and one-half inch pressure for the first six months of the year, and twenty-one hundred inches during the remaining portion of the year.

The cultivated lands of the defendants which are in the canyon consist of narrow strips along the banks of the stream. The soil is gravelly. Numerous springs rise upon the land which find their way to the creek. The water from the springs and that used by them for irrigation purposes, so far as it is not absorbed by the plant life and evaporation, by seepage returns to the stream. The defendants claim that their use of the waters does not materially diminish the flow. A number of defendants own land in school section No. 16, which was surveyed in the year 1871. It is also claimed by the defendants that they have acquired rights by pre-

scription or adverse user to the waters of the creek, it being more than ten years since their first appropriation and use.

The plaintiffs in their complaint sought to restrain the defendants from appropriating the water at times when the amount of water flowing in the stream was less or not more than equivalent to the amount which the plaintiffs had a right to under their prior appropriations. The cause was tried to the court without a jury, and resulted in a decree favorable to the plaintiffs. The defendants appeal.

The questions to be determined upon this appeal are: First, Will an action lie in this state to quiet title to water rights acquired by appropriation? Second, Did the appellants who owned land in section No. 16 have riparian rights to the stream superior to those acquired by the respondents by appropriation? And third, Had the appellants acquired rights to the water by prescription or adverse user?

I.    The right to maintain an action to quiet title to water rights acquired by appropriation is well settled. *Miller v. Lake Irrigation Co.*, 27 Wash. 447, 67 Pac. 996. In Wiel on Water Rights, vol. 1, § 283, it is said:

"Ditches and water rights may be sold on execution as real property. An action to quiet title as for real property is proper. And an action to settle rights is one to quiet title to realty."

II.    It is claimed on the part of the appellants who own land in section 16 which they or their predecessors purchased from the state since the year 1889, that their riparian rights attached as of the date of the government survey in the year 1871. But since appellants' brief was written, this court, in *State ex rel. Olding v. Stampfly*, 69 Wash. 368, 125 Pac. 148, has decided the precise question adverse to their contention. In that case, in an opinion written by Judge Fullerton, the question is fully discussed and the views of the court set forth.

III.    It is finally contended that the appellants acquired rights to the water of Manastash creek by prescription or

adverse user. Upon this question the trial court made the following finding of fact:

"That none of the defendants has continuously for a period of ten years, deprived any of the plaintiffs of water to which such plaintiff was entitled as hereinabove found, nor have the diversions of any of the defendants been with or under any other claim of right or color of title other than as pertained to appropriations subsequent in time to the appropriations of plaintiffs and their respective predecessors in interest; the defendants having merely from time to time trespassed upon the superior rights of the plaintiffs. . . ."

This finding positively negatives the appellants' claim of rights acquired by prescription or adverse user, and is supported by the evidence contained in the record.

A number of other questions are presented in the briefs, but the conclusions already reached are determinative of the entire controversy and render further discussion unnecessary.

The judgment will therefore be affirmed.

MOUNT, FULLERTON, ELLIS, and MORRIS, JJ., concur.