LAMPING, Respondent, v. DIEHL, Appellant.

No. 9084.

Submitted May 15, 1952. Decided July 1, 1952.

Rehearing Denied August 7, 1952.

246 Pac. (2d) 230.

194

Mr. Ralph J. Anderson, Mr. Albert C. Angstman, Mr. David R. Smith, Helena, for appellant.

Mr. S. P. Wilson, Deer Lodge, Messrs. Loble and Loble, Mr. Gene A. Picotte, Helena, for respondent.

Mr. Anderson and Mr. Henry Loble argued orally.

MR. CHIEF JUSTICE ADAIR:

This is an appeal from a judgment for the plaintiff, Fred A. Lamping, involving the right to the use of 134 inches of the waters of Prickly Pear Creek claimed by virtue of an appropriation thereof made by plaintiff's predecessor in interest, one John B. Wilson, on June 15, 1867, and prior to the appropriation by the predecessor in interest of the defendant, George Diehl, of waters from McClellan Creek, a tributary of Prickly Pear Creek, entering the latter creek above the headgate of plaintiff's ditch.

This action was commenced March 27, 1947, and thereafter on October 17, 1947, plaintiff filed an amended complaint seeking a decree adjudging plaintiff a prior right over defendant of the aforesaid amount of water; seeking to enjoin the defendant and his successors in interest from interfering with plaintiff's use of such water and also seeking $1,000 damages by reason of the alleged wrongful diversion of such waters by defendant during the irrigating season of 1946.

The complaint avers that plaintiff and his predecessor had and enjoyed the uninterrupted use of such waters for the irrigation of plaintiff's farm and crops from June 15, 1867, until the summer of 1946 when, at a time when plaintiff had need for such waters, the defendant George Diehl took and used same thereby wrongfully depriving plaintiff of his rightful

use thereof. The complaint avers that in the year 1891 in an action instituted in the district court of the first judicial district of the State of Montana, a decree was duly entered in which plaintiff's predecessor, the said John B. Wilson, was adjudged to be the owner of the right to use 134 statutory inches of the waters of Prickly Pear Creek for the irrigation of his land by an appropriation made on June 15, 1867.

The answer of the defendant George Diehl admits that plaintiff had need for the waters so appropriated, but denies that plaintiff and the latter's predecessor in interest have, at all times since June 15, 1867, and until the summer of 1946 had and enjoyed the uninterrupted use of said 134 inches of water; admits that the said John B. Wilson, by decree entered in the district court of the first judicial district in 1891, was adjudged to be the owner of the right to use 134 statutory inches of the waters of Prickly Pear Creek so appropriated on June 15, 1867, but avers that neither the defendant nor any of defendant's predecessors in interest were parties to the action wherein such decree was given and entered and alleges that they are therefore not bound by such decree.

The answer further avers that defendant had a right to use the waters of McClellan Creek by an appropriation of 500 statutory inches made by the defendant's predecessor in interest on the 4th day of June 1866 and that said right was so adjudicated by a decree made and entered on July 3, 1897, in favor of the Spokane Ranch and Water Company, same being a predecessor in interest of the defendant George Diehl, said answer further averring ''That said water right so adjudicated is being used, and at all times complained of in plaintiff's complaint was being used, by the defendant in the water shed of Prickly Pear Creek so that after use it flowed back into said Prickly Pear Creek.''

The answer further admits that during the irrigating season of 1946 the defendant George Diehl took and used waters from McClellan Creek that were needed in Prickly Pear Creek to

provide plaintiff with water so claimed by plaintiff under the 1891 decree.

For a further and separate defense, the defendant George Diehl averred that on June 4, 1866, one of his predecessors in interest appropriated 500 inches of the waters of McClellan Creek and thereafter took and used such waters by right of such appropriation; that the defendant George Diehl had conveyed 100 inches of his said claimed water right to one Paul Kellfner, and that defendant still owns the remaining 400 inches thereof. In such separate defense the defendant then pleads title in himself by adverse possession alleging: "That this defendant further avers that continuously since the 4th day of June, 1866, each year, and for more than ten (10) years immediately preceding the year 1946, this defendant and his grantors and predecessors in interest have been in the exclusive, open, notorious, continuous, and adverse possession of said water right and have used the whole of said water right from said McClellan Creek openly, notoriously, adversely, continuously, and exclusively against all the world, and particularly as against any rights of the plaintiff, under a claim of right for the uses and purposes hereinbefore set forth." In his answer the defendant, George Diehl prayed for a judgment awarding him a 400 inch water right paramount and superior to plaintiff's water right and that plaintiff be enjoined from interfering with defendant's claimed right to such water.

By reply the plaintiff denied all the allegations of defendant's said separate defense except the allegation that plaintiff in 1946 attempted to interfere with the use of said water by defendant and threatened to continue to so interfere, which allegation plaintiff admitted.

The issues so presented were tried by the court sitting without a jury, and, upon the findings of fact and conclusions of law made by it, the court rendered and caused to be entered a decree awarding the plaintiff a water right of 134 inches of Prickly Pear Creek so appropriated by his predecessor in interest on June 15, 1867; adjudged that the defendant is entitled to a

water right appropriated by his predecessor in interest on October 15, 1868, for 500 inches, subject to a reservation of 100 inches referred to in a certain conveyance by the Federal Land Bank of Spokane to defendant and his wife on January 25, 1943, and further adjudged that plaintiff's right to use the waters of Prickly Pear Creek and its tributaries including McClellan Creek is prior and superior to any right or claimed right of defendant to such water and enjoined the defendant from in any manner interfering with the rights of plaintiff to said water.

This is an appeal by the defendant George Diehl from the judgment and decree so entered.

Three decrees adjudicating the water rights of Prickly Pear Creek and McClellan Creek were introduced in evidence at the trial.

*Decree of 1891.* The first decree was entered in the district court of Lewis and Clark in 1891 wherein John B. Wilson, he being plaintiff's predecessor in interest, was decreed the owner of the right to use 134 statutory inches of the waters of Prickly Pear Creek, same having been appropriated as of June 15, 1867. Neither the defendant George Diehl nor his predecessor in interest were parties to the suit in which this decree was entered although the exhibits introduced in evidence do show that defendant's predecessor, namely, the said Spokane Ranch and Water Company did appear and file an answer in said action and that thereafter such company voluntarily withdrew from the case and hence was not named in the decree.

*Decree of 1897.* In 1897 a second decree was entered in said district court of the first judicial district of the state of Montana wherein it was adjudged that the Spokane Ranch and Water Company, being the defendant's predecessor in interest, was the owner of the right to use 500 inches of the waters of McClellan Creek theretofore appropriated on June 4, 1866, for *mining purposes,* but such decree further expressly provided that the appropriation of said Spokane Ranch and Water Company for the purpose of carrying the water away from Mc-

Clellan Creek so that it could not flow back into McClellan Creek and then on into Prickly Pear Creek after being used, dated only from October 15, 1868, and the priority for such appropriation was fixed at such latter date.

The evidence introduced at the trial of the instant case clearly showed that when said water was used on the lands of the Spokane Ranch and Water Company, the predecessor of defendant, it did not and could not flow back into Prickly Pear Creek so as to be used on plaintiff's lands. Thus was defendant wholly unable to prove the allegations in his answer to the effect that at all times complained of the said water right so adjudicated "was being used by the defendant in the water shed of Prickly Pear Creek so that after use it flowed back into said Prickly Pear Creek." Neither the plaintiff nor his predecessor in interest was a party to the suit wherein the 1897 decree was entered.

*Decree of 1911.* In 1911 a decree was entered in the federal district court at Helena, Montana, wherein it was adjudged that the Conrad-Stanford Company, a predecessor of defendant, was the owner of the right to use 500 inches of the waters of McClellan Creek, appropriated on October 18, 1868. Neither the plaintiff nor his predecessor was a party to such suit in the federal court. The evidence further shows that W. P. Pruitt was decreed a water right of 100 inches out of Prickly Pear Creek as of April 1, 1867, and that he was a party in each of the three actions in which the three decrees above referred to were entered so that Pruitt would be entitled to receive water after the plaintiff's and defendant's water was turned off by the commissioner.

As a result of the evidence showing the dates of appropriation of water from said creeks the defendant Diehl apparently abandoned his contention and the defense in his answer that the date of his water right was prior to that of plaintiff and on this appeal, relies solely upon his defense of title by adverse possession, as against the plaintiff Lamping. In fact defendant's counsel at the outset of their brief filed in this court say: "We

are firmly convinced that the evidence shows defendant to be entitled to a decree based upon adverse possession." Again at the conclusion of their brief herein defendant's counsel say: "We submit that plaintiff's claim is barred by laches and by defendant's adverse user."

*Adverse User.* On the question of adverse user the plaintiff's evidence shows that he leased the land now owned by him in 1923 and that in 1939 he purchased it from John B. Wilson; that Wilson made the appropriation of 134 inches of the waters from Prickly Pear Creek on June 15, 1867, and it was so decreed to him as shown above.

Plaintiff testified that he had irrigated said land every year from and after 1923 with such water.

Plaintiff testified: "There was never a time that the commissioner shut my water off that the Diehl right ditch had water in it. Q. And do you say that of the whole of the 23 years, down to 1946? A. I do. The Court: (to witness) When your water was shut off, the Diehl water was shut off? A. (To the Court) When my water was shut off, I would make a trip up McClellan and the Diehl ditch never had water in it when I crossed it and I assumed by that it had been shut off prior to mine."

Plaintiff testified that each year he irrigated very early and had water running, using it until the water commissioner would shut it off and that the water commissioner shut him off four or five years between 1923 and 1946 and that there never was any controversy between him and the water commissioner during that time. It is apparent that when plaintiff received no water to meet his needs it was because such water was required to satisfy the earlier Pruitt adjudicated right.

On cross examination the defendant Diehl testified: "Did you at any time, whether he [plaintiff] asked or not, say to him [plaintiff] that it was your water and that you intended to keep it and use it? A. No, sir. Q. There was no such an expression from you to him? A. Could I answer that this way: We had a water commissioner on those creeks, and they dis-

tributed it, and we didn't monkey with the water; we'd have been in jail." Thus did defendant admit that he made no open, notorious or hostile claim or use as against the plaintiff.

The present water commissioner law was enacted as Chapter 43, Laws of 1911, now R. C. M. 1947, secs. 89-1001 to 89-1024. Section 89-1001 provides that a commissioner appointed by the court "shall have authority to admeasure and distribute to the parties bound by the *decree or decrees* the waters to which they are entitled, according to their rights as fixed by such *decree or decrees.*" (Emphasis supplied).

The evidence shows that after the enactment of Chapter 43, Laws of 1911, supra, 26 owners of water rights in Prickly Pear Creek, including defendant's predecessor, the Spokane Ranch and Water Company, in 1912, signed a petition asking the district court to appoint a water commissioner for the admeasurement and distribution of the water of Prickly Pear Creek to the parties bound by the above three water right decrees and so referred to in their said petition.

It further appears that on August 23, 1912, the district court appointed such water commissioner. It also appears that in 1937 a petition was signed by 22 ranchers *including plaintiff and defendant* asking for appointment of a water commissioner to distribute the waters of Prickly Pear Creek and that their petition was granted and such commissioner was appointed. The evidence also shows that water commissioners have been appointed by said court from time to time and served continuously ever since 1912. It further appears from the written report filed by the water commissioner for the year 1937 that plaintiff received water and the water commissioner's reports for 1944 and 1945 show that both plaintiff and defendant received water.

The defendant testified that he rented the Spokane Ranch and Water Company farm in 1936 and entered into a contract to purchase said ranch in 1938 and the record shows that the land was deeded to him on January 25, 1943, by the Federal Land Bank, successor in interest of the Spokane Ranch and Water Company. There is no evidence even tending to show

that either the Spokane Ranch and Water Company or the Federal Land Bank ever claimed adversely to plaintiff and the defendant Diehl certainly was in no position to make any adverse claim prior to the conveyance to him in 1943.

A small book was introduced in evidence by the plaintiff, as exhibit 65, in connection with the testimony of the witness John Jones, who was a water commissioner of Prickly Pear Creek from 1932 until 1941, except for two years, and who testified that his father Edward Jones was water commissioner on said stream for about 25 years before he took over. He also testified that the entries in this book were in his father's handwriting and his own handwriting and that they set forth a record of the decrees and water distributed during such periods. The first pages of this book show the names of water users in said streams and the dates in *chronological order,* when the water rights they were then using were appropriated, commencing with Earl Smith whose appropriation was on September 30, 1862. This book shows that plaintiff's right was appropriated on June 15, 1867, and that the right of the Spokane Ranch and Water Company, defendant's predecessor, was appropriated on October 15, 1868.

Jones also testified that the distribution of water was made in the *order of priority as listed in said book.*

The book also shows: That in June 1937 plaintiff used water for which he paid $2.70 and below his name was that of the defendant and that he paid $2.80 for his water for June; that neither plaintiff nor defendant received any water in July, August or September but that both received water in April and May 1938 for which plaintiff paid $7.90 and below his name was George Diehl's name and that he paid $5.60; that in June 1939 they both received water for which plaintiff paid $1.90 and defendant paid $4.70; that neither of them received water in July, August or September of 1937; that in May 1940 plaintiff received water for which he paid $6.75 and defendant received water for which he paid $10.05; that in June 1940 plaintiff received water for which he paid $3.80 and defendant

received no water and that in July 1940 neither plaintiff nor defendant received any water. This is as far as the record of distribution is shown in said exhibit 65, but the verified report of the water commissioner for 1944 shows plaintiff received water at a cost of $10.00 and defendant received it at a cost of $10.58 and that in July of that year plaintiff received water. at a cost of $1.36 and defendant received no water and that in June 1945 plaintiff received water at a cost of $10.90 and defendant received it at a cost of $16.25.

Carl Miller, a witness for plaintiff, testified he was water commissioner on Prickly Pear Creek in 1938 and 1942 and that exhibit No. 16 in his handwriting shows that plaintiff received 134 inches per day for 18 days in 1942 and shows the defendant received 200 inches per day for 7 days.

Peter Petek, a witness for plaintiff, testified he was water commissioner on said creek for 1943 to 1945, and that as such commissioner his records show that plaintiff received water in June and July of said three years of 134 inches per day and defendant received water of 200 inches per day for June and July in 1943, also 200 inches for June 1944, but none for July 1944.

While certain witnesses called by the defendant gave testimony in conflict with the foregoing evidence yet the trial court in the face of such compelling evidence so introduced by the plaintiff resolved such conflicts in plaintiff's favor and, as shown above, the evidence clearly shows that plaintiff received water from said creek as adjudged in the decrees from 1937 until 1940 and that he also received such water in 1943, 1944 and 1945 and that defendant first questioned plaintiff's right to so receive and use such water in the year 1946 and that immediately thereafter the plaintiff, in March 1947, instituted this action against the defendant to have the court adjudge and determine such controversy. The record is also clear that the defendant wholly failed to prove continuous, exclusive or open use of the water under claim of right against the plaintiff or

hostile to plaintiff for the statutory period of ten years or at any time prior to the year 1946.

The law required the judge of the district court and the water commissioners appointed by him to distribute the water according to dates and amounts as fixed and adjudged by the aforesaid three water right decrees (R. C. M. 1947, sec. 89-1001) and any act of the judge or of any water commissioner appointed by him done in violation of the plain mandate of said statute may not be relied upon by defendant to establish his claimed right to the prior use of the waters as against plaintiff by adverse possession. 2 Wiel on Water Rights, 3rd. Ed., p. 1103, sec. 1193, and p. 1105, sec. 1194; Quigley v. McIntosh, 110 Mont. 495, 500, 103 Pac. (2d) 1067, 1069. Compare: State ex rel. Pool v. District Court, 34 Mont. 258, 267, 86 Pac. 798; Zosel v. Kohrs, 72 Mont. 564, 574, 234 Pac. 1089.

In Irion v. Hyde, 107 Mont. 84, 88, 81 Pac. (2d) 353, 355, this court said: "It is settled law in this state that the burden of proving adverse user of water rests upon the party alleging it. * * * It is equally well settled that in order to acquire a water right by adverse user or prescription, it is essential that the proof must show that the use has been (a) continuous for the statutory period which in this state is ten years (sec. 9024, Rev. Codes [1935]); (b) exclusive (uninterrupted, peaceable); (c) open (notorious); (d) under claim of right (color of title); (e) hostile and an invasion of another's rights which he has a chance to prevent." (Citing authorities.) The Irion Case, supra, is cited and followed in Cook v. Hudson, 110 Mont. 263, 282, 103 Pac. (2d) 137, 146. See also 2 Kinney on Irrigation and Water Rights, 2d Ed., p. 1870, sec. 1044; 1 Wiel on Water Rights, 3d Ed., p. 628, sec. 582, and p. 630, sec. 584; 2 C. J. S., Adverse Possession, sec. 140, p. 700.

The trial court's finding of fact designated 31 reads: "That neither the defendant nor his grantors or predecessors in interest, or any of them, have been in the exclusive, open, notorious, continuous and adverse possession of any water right as against the plaintiff, nor have they used any water right

from McClellan Creek, or at all, openly, notoriously, adversely, continuously and exclusively against the world, or against the rights of the plaintiff, under a claim of right.''

The trial court's finding of fact designated 32 reads: ''That plaintiff's right to the use of the waters of Prickly Pear Creek and its tributary, McClellan Creek were and are in time, use, appropriation and decree, prior and superior to defendant's use of either or any of said waters.''

There was and is ample substantial evidence to justify and sustain the trial court's findings, conclusions and decree herein and finding no prejudicial error this court on appeal is not warranted in disturbing them. Compare Sanders v. Lucas, 111 Mont. 599, 602, 111 Pac. (2d) 1041; Spratt v. Pfeifle, 115 Mont. 232, 238, 142 Pac. (2d) 563.

The decree is in accord with the trial court's findings. It awards plaintiff his costs but not damages and it is affirmed.

ASSOCIATE JUSTICES METCALF, BOTTOMLY, FREE-BOURN, and ANGSTMAN, concur.