JOE C. KING, JOE C. KING, 3RD, J. ROBERT KING AND DAVID J. KING, PLAINTIFFS AND RESPONDENTS, v. THEODORE R. SCHULTZ AND MRS. THEODORE R. SCHULTZ, HIS WIFE, DEFENDANTS AND APPELLANTS.

No. 10384.

Submitted May 15, 1962. Decided September 14, 1962.

Rehearing denied October 22, 1962.

375 P.2d 108.

Coleman, Lamey & Crowley, John M. Dietrich (argued orally) and Gerald F. Krieg (argued orally), Billings, for appellants.

Anderson & Sorenson, Ralph J. Anderson (argued orally), Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the tenth judicial district, which judgment decreed the rights in the plaintiffs in certain waters of Elk Creek in Petroleum County, and enjoined the defendants from interfering with or diverting the waters of Elk Creek in derogation of the plaintiffs' rights.

The plaintiffs, respondents here, are owners of land in Petroleum County. The defendants, appellants here, are owners of land in Fergus County. The lands of both are on Elk Creek; plaintiffs' land being about eight miles downstream from defendants' land.

Elk Creek is a somewhat typical stream of the area, flowing water in good years but not in dry years and usually not an adequate amount of water to irrigate properly the lands of both parties. The defendants, being upstream, had first opportunity

to use the water and did so. The plaintiffs brought this action to enjoin the defendants.

The trial court found that plaintiffs had the rights to use 1,680 inches of the waters of Elk Creek prior to the rights of the defendants. Plaintiffs' exhibits and proof show their rights established between June 22, 1893, and October 1, 1910. Defendants do not question the establishment of these rights, but assert that their own rights to 400 inches of water are prior in time to those of plaintiffs. The trial court found otherwise, finding that defendants' rights to flood waters dated from April 1, 1911.

In addition, the defendants pleaded and attempted to prove that even if they did not have a prior appropriation, they nevertheless had a right to 400 inches by prescription, said right dating from July 20, 1934.

The specifications of error are divided into three parts: (1) That the court erred in refusing to admit into evidence defendants' Exhibit 13, which exhibit consisted of certified copies of the applicants' final proof on his desert land entry together with the depositions of two of his witnesses; (2) That the court erred in finding that the defendants admitted the prior rights of plaintiffs and released water on demand; (3) That the court erred in not finding that the defendants had a prescriptive right regardless of any priority of rights.

As to the first specification, defendants' Exhibit 13 consisted of documents offered all together as one exhibit. They were objected to upon the ground that they were self-serving declarations and no proper foundation had been laid for their introduction and that they were inadmissible under the case of Osnes Livestock Co. v. Warren, 103 Mont. 284, 62 P.2d 206. It appears from defendants' offered Exhibit 13, that defendants' predecessor in interest, one David Foreman, was a desert entryman and in the course of making his desert land entry irrigated the lands in the Fall of 1885. One of the documents was a handwritten deposition of Foreman, one a deposition of one Charles

V. Peck, and one a deposition of Oslow E. Roberts. It is urged that had Exhibit 13 been admitted in evidence it would have shown a valid appropriation of water, notwithstanding a failure to file a notice of appropriation with the clerk and recorder as required by statute.

It is defendants' contention that the depositions contained in Exhibit 13 should have been admitted into evidence as ancient documents or public records, such being exceptions to the hearsay rule. In making this argument, counsel urge that this court in the Osnes Livestock Co. case did not consider the effect of the ancient documents rule, and that the case should not be controlling. In the Osnes case, the same type of depositions in desert land entry proofs was considered. There the court, at p. 296, 103 Mont., at p. 211, 62 P.2d, stated:

"* * * the greater part of the lands under the McDonald ditch consisted of desert land entries, and certified copies of many, if not all, of the filings made by predecessors in interest of plaintiff, obtained from the General Land Office, were offered and received in evidence over objection. In the declaration of the applicant, and also the affidavits of the supporting witnesses, appears the following statement: 'That no portion of said land has ever been reclaimed by conducting water thereon.' Some of the declarants were predecessors in interest of plaintiff, and others who were witnesses were predecessors in interest as to other tracts. These exhibits were not properly admissible to prove nonirrigation of the land in question. In order for a declaration of a predecessor in interest to be admissible, the proper foundation must be laid, which has been stated in the case of Washoe Copper Co. v. Junila, 43 Mont. 178, 115 P. 917, 919, as follows: 'However, when a declaration of this character is offered, the party making the offer must show (a) that it was made while the declarant was holding the title to the property in controversy; (b) that the declarant was in fact the grantor of the party against whom the declaration is offered; and (c) that the declaration was against interest.' See, also, Kurth v. Le

Jeune, 83 Mont. 100, 269 P. 408. The declarations made by these predecessors at the time they were made were not against the then interest of the declarant. They were declarations made in the furtherance of the declarant's interest as it then existed. Accordingly, we must hold that the court could not properly consider these statements as substantive evidence."

The basis of the foregoing holding, and the Washoe Copper Co. case cited therein, went to the rule referred to by Justice Holloway as the statutory rule contained in section 7866, Revised Codes of 1907, now R.C.M.1947, § 93-401-6, that,

"Where, however, one derives title to real property from another, the declaration, act, or omission of the latter, while holding the title in relation to the property, is evidence against the former."

The reason for the rule was explained as being that declarant was so situated, and his interests were such, that he would not have made the admissions to the prejudice of his right unless they were true.

The ancient document rule does not change the basis for admission of evidence other than as to the genuineness of the document. The rule is embodied in R.C.M.1947, § 93-1301-7, subd. 34, which provides:

"All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions, and may be controverted by other evidence. The following are of that kind: * * *

"34. That a document or writing more than thirty years old is genuine, when the same has been since generally acted upon as genuine, by persons having an interest in the question, and its custody has been satisfactorily explained."

In Cook v. Hudson, 110 Mont. 263, 284, 285, 103 P.2d 137, 147, the court considered the foregoing presumption in this language:

"* * * plaintiffs' Exhibits 'G' and 'H', Grant's notices of location of water right, were dated and acknowledged Octo-

ber 31, 1892, recorded November 2nd following and recite on the face thereof that the appropriations were made as of October 20, 1892. The recordation of the notice and the date on which the appropriation was alleged to have been made was one day prior in each instance to the date shown by the Severin notice. The presumption is that this record is genuine (subdiv. 34, sec. 10606, Rev. Codes 1921 [now R.C.M. 1947, § 93-1301-7]), *and its contents are prima facie evidence of the facts therein stated."* Emphasis supplied.

This latter underlined statement is generally true except that it has been limited under the general rules of evidence on hearsay as described in the Osnes Livestock Co. case and the Washoe Copper Co. case, supra. The Osnes case was considered and cited in the Cook v. Hudson case, supra. The rule is stated in 32 C.J.S. Evidence § 745, as follows:

"Ancient documents may be admitted in evidence as proof of the facts recited therein, provided the writers would have been competent to testify as to such facts."

Here, very clearly the recital was similar to that in the Osnes case, and was not against interest as required. They were self-serving declarations, certainly so at least as to the deposition of Foreman. We have carefully examined the Osnes case and feel that it precludes the use of such desert land entry documents as proof of an appropriation and use such as here. This is particularly so where, as here, no other satisfactory proof of possession or use of the water is shown.

Appellants have cited numerous authorities from other jurisdictions all going to the ancient document rule. We do not believe a discussion of these cases warranted where we have heretofore specifically ruled in the matter.

As to Specification of Error 2, defendants now contend that the trial court should not have found that they admitted the prior rights of the plaintiffs and released water on demand. We need only observe that the evidence is in direct conflict. The trial court heard the witnesses and viewed the premises. Where

there is substantial evidence, even though conflicting, to support the trial court we will affirm the trial court. Cook v. Hudson, 110 Mont. 263, 103 P.2d 137, supra, and Barcus v. Galbreath, 122 Mont. 537, 544, 207 P.2d 559.

Finally, defendant appellants urge that even though no prior right by appropriation be found that the trial court erred in not finding a right in defendants by prescriptive use, and that the preponderance of the evidence shows they acquired rights to the use of 400 inches of water from Elk Creek by continued, exclusive, and notorious use of water for the statutory period, which constituted a hostile invasion of the rights of the plaintiffs.

Respondents urge that the pleadings of hostile use are not sufficient, but we shall pass the pleading matter by, since the record reveals a lack of substantial credible evidence to sustain a showing of prescriptive rights in the defendants. Thus the trial court was correct.

In Havre Irrigation Co. v. Majerus, 132 Mont. 410, 414, 415, 318 P.2d 1076, 1078, this court set forth certain basic elements necessary to prove prescriptive use:

"It has been repeatedly established in this state that one claiming water rights, by virtue of adverse possession, has the burden of proving every element of his claim. Galiger v. McNulty, 80 Mont. 339, 358, 260 P. 401; Boehler v. Boyer, 72 Mont. 472, 234 P. 1086; Smith v. Duff, 39 Mont. 374, 102 P. 981, 133 Am.St.Rep. 582.

" 'It is equally well settled that in order to acquire a water right by adverse user or prescription, it is essential that the proof must show that the use has been (a) continuous for the statutory period which in this state is ten years (sec. 9024, Rev. Codes [1921, now R.C.M.1947, § 93-2513]; (b) exclusive (uninterrupted, peacable); (c) open (notorious); (d) under claim of right (color of title); (e) hostile and an invasion of another's rights which he has a chance to prevent.' Irion v. Hyde, 107

Mont. 84, 81 P.2d 353, 355; in accord Lamping v. Diehl, 126 Mont. 193, 203, 246 P.2d 230.

"Assuming arguendo, defendants have established the first four elements, have they established the fifth element, that of hostility or adverse user, which is basically the fundamental issue in this case? We think not.

"To establish adverse user in Montana, case law has, although not in this precise manner, set down three prerequisites: (1) That the claimant used water at a time when plaintiff had need of it; (2) That he used it in such a substantial manner as to notify plaintiff that it was being deprived of water to which it was entitled; and (3) That during all of that period, plaintiff could have maintained an action against him for so using the water. See in this regard, Boehler v. Boyer, supra, 72 Mont. at page 476, 234 P. at page 1087; Smith v. Duff, supra, 39 Mont. at page 378, 102 P. at page 982; Galiger v. McNulty, supra, 80 Mont. at page 358, 260 P. at page 406. Norman v. Corbley, 32 Mont. 195, 79 P. 1059; Featherman v. Hennessy, 42 Mont. 535, 113 P. 751; Woodward v. Perkins, 116 Mont. 46, 147 P.2d 1016; Irion v. Hyde, supra, 107 Mont. at page 88, 81 P.2d at page 354; Osnes Livestock Co. v. Warren, 103 Mont. 284, 298, 62 P.2d 206; St. Onge v. Blakely, 76 Mont. 1, 245 P. 532."

Plaintiffs' testimony here was to the effect that until the bringing of this action in 1959, the defendants would release the water whenever demand was made. Defendant Schultz denied this, but the testimony is such that the district court could believe the plaintiff's version. Defendants, in their reply brief, assert that evidence that plaintiffs frequently complained of the defendants' use of the water is evidence of such an adverse and hostile use as to be proof of the same. Such is not necessarily so because plaintiffs' testimony is that on each occasion upon their complaint, defendants would then release the water to them. On one particular occasion the testimony is that defendants wanted to finish irrigating one small piece of land, the plaintiff agreed, then defendants re-

leased the water. We hold that the district court was correct in refusing to find a prescriptive use.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON, concur.