J. C. FIRESTONE, BETTY FIRESTONE, his wife, Plaintiffs, v. SETH BRADSHAW and RUBY BRADSHAW, his wife, Defendants and Appellants, v. WILLIAM R. OHRMANN and PHYLLIS OHRMANN, Cross-Defendants and Respondents.

No. 11852.
Submitted March 10, 1971.
Decided April 8, 1971.
483 P.2d 716.

Frisbee & Moore and J. Allen Bradshaw, J. Allen Bradshaw (argued) Cut Bank, Taylor, Boyd & Radonich, Anaconda, for appellants.

182

Corette, Smith & Dean, Kendrick Smith (argued) Butte, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered upon findings of fact and conclusions of law by the late Honorable Philip C. Duncan sitting in the Third Judicial District in Granite County. Exceptions were filed to the findings and were overruled.

Plaintiffs below are no longer in the case. The appellant was one defendant below who counter complained and the respondent was another defendant who cross complained. Plaintiffs below, herein called Firestone, filed a complaint alleging a right to use certain spring waters in Granite County. The trial court ruled that Firestone had no water rights and no appeal was taken by Firestone.

Defendants Bradshaw, husband and wife, hereinafter called appellant, filed an answer and counter claim alleging prior rights to the use of spring water to the extent of 132/142 parts, by reason of a 1918 water appropriation through a series of conveyances from predecessors in interest.

Defendants Ohrmann, husband and wife, hereinafter called respondent, filed an answer and cross claim against his codefendant, Bradshaw, asserting a water right on several grounds, but during the trial Ohrmann's claim was restricted to a right to one-half of the water by virtue of a claim of adverse possession. Bradshaw and Ohrmann, so far as pertinent here, each denied the claims of the other.

The single issue presented is whether the findings of fact and conclusions of law are supported by the evidence. In King v. Schultz, 141 Mont. 94, 99, 375 P.2d 108, a water right case, we stated the familiar rule that where there is substantial evidence, even though conflicting, to support the trial court we will affirm. (Citing Cook v Hudson, 110 Mont. 263, 103 P.2d 137, and Barcus v. Galbreath, 122 Mont. 537, 207 P.2d 559.)

Bradshaw urges that the findings of adverse possession are inconsistent with the evidence. In essence he asserts that even

though Ohrmann used one-half of the water, that it was with Bradshaw's consent or agreement but was not hostile, adverse or any invasion of Bradshaw's rights. We note now, as will be pointed out later, that Bradshaw denied making any agreement with Ohrmann for a diversion of the spring water.

The district judge made findings, which, omitting the description of the land involved and matters pertaining to Firestone stated:

## "IV

"That all of the lands of the parties hereto are arid and dry in character and nature and require irrigation for the purpose of growing crops thereon.

## "V

"That the waters of the springs in litigation arise in the Southwest Quarter of Section 12, Township 10 North, Range 13 West, M.P.M., and flow into the ditch commonly known as the Morse-Coberly-Henderson Ditch (hereinafter referred to as the Coberly Ditch) and are conducted by said ditch and ditches therefrom on the lands of the plaintiffs and defendants, as more fully appears from the exhibits introduced herein; that said spring waters flow into said Coberly Ditch whether or not they are being used by the parties to this action; that the course of said ditch is through all of the parties' lands and into the Clark's Fork of the Columbia River upon said ditch leaving the plaintiffs' lands.

## "VI

"That on February 8, 1918, the Allendale Land Company filed of record an appropriation specifically described in Book 7 of Water Rights, Page 96, records of Granite County, Montana, of the waters of certain springs arising in the Southwest Quarter of Section 12, and in the Southeast Quarter of Section 11, Township 10 North, Range 13 West, M.P.M., Granite County, Montana, for the purpose of irrigation and other useful and beneficial purposes; that the said appropriation is a valid

appropriation, all things necessary to it having been completed by the Allendale Land Company within a reasonable time after the appropriation was filed.

## "VII

"That through various and mesne conveyances 132/142 of the appropriation mentioned in Finding No. VI was conveyed to the defendants Bradshaw.

## "VIII

"That beginning with the year 1945 the spring water flowing into the Coberly Ditch, and mentioned in the three preceding Findings, has been increased in volume and after its source and subsequently along the course of the Coberly Ditch by other springs, waste water and seepage water produced by irrigation of lands above the Coberly Ditch by means of the Allendale Ditch; that this increase is very material, increasing the flow from about 25 inches to amounts in excess of 200 inches, and begins each year after water is placed in the Allendale Ditch; that prior to 1945 the Allendale Ditch had only a high water right, but in 1945 the Allendale Ditch secured additional waters, and it is since this event that the increase has occurred.

## "IX

"That defendants Ohrmann have about 63 acres under irrigation from the Coberly Ditch; that while defendants Bradshaw contend they have about 70 acres under irrigation from the Coberly Ditch, the evidence is that there are about 55 acres, and, while defendants Bradshaw contend they require two to three inches to the acre for irrigation, the evidence is that for more than five years prior to the commencement of this action and up to and including the year 1969, defendants Bradshaw and Ohrmann each have been using all the waters mentioned in Findings V and VIII for alternate periods of up to two weeks at a time, beginning about May 15th of each year for defendants Ohrmann, and that during those years both defendants Bradshaw and Ohrmann have permitted plaintiffs Firestone and persons other than the parties to this action to use said waters

for substantial periods of time; that all of this indicates to the Court that neither defendants Bradshaw nor defendants Ohrmann can make beneficial use of more than one-half of said waters when used with the remaining one-half in alternate periods as it has been, as described, and the Court so finds, although, at times defendants Ohrmann supplement said waters with other waters from Flint Creek and Willow Creek and use this supplement jointly with defendants Bradshaw.

"X

"That the defendants Ohrmann for more than five years before the commencement of this action have openly, notoriously, and adversely claimed against defendants Bradshaw and plaintiffs Firestone all of the rights to the use of one-half of all of said waters with the remaining one-half thereof in rotation with defendants Bradshaw for alternate period of up to two weeks at a time, beginning about May 15th of each year as to defendants Ohrmann."

The court adopted all of these findings as conclusions and additionally concluded as follows:

"That the defendants Bradshaw are entitled to the use of all the waters mentioned in Findings V and VIII for the periods each year of two weeks at a time, commencing for the first period on May 1, 1970, and the defendants Ohrmann are entitled to alternate periods of two weeks in the use of said waters commencing May 15, 1970."

Basically, Bradshaw, appellant, contends that under the cases establishing the elements of adverse use; the evidence does not meet the tests. In King v. Schultz the test was that the adverse claim has been (a) continuous for more than 10 years (now five years); (b) exclusive and uninterrupted during the period; (c) open and notorious; (d) under claim of right and color of title; and (e) hostile and an invasion of another's rights which he has a chance to prevent.

It was shown that Bradshaw initially had title by conveyances of 132/142 parts of the water. Ohrmann had 10/42 parts.

In the year 1955, a dispute arose, it having been built up to in prior years. As a result of this dispute wherein Ohrmann claimed to have an equal turn to the water, or half of it, the parties met with their respective counsel. The versions of the meeting and its results differ in some details but clearly the evidence reveals that Ohrmann claimed a right to half of the water hostile to Bradshaws. Bradshaw denies that any agreement was reached. Yet for all the time thereafter, Ohrmann continued to use the water in equal amounts, or nearly so. Bradshaw insisted that he needed 3 inches per acre, Ohrmann testified this was excessive. Bradshaw maintained that he needed all of the water and did not have "any too much water" for his land. Yet Ohrmann continued to insist on and did use one-half of it from the time of the 1955 meeting with their respective attorneys until the present.

Without going into great detail, the evidence, although contradicted in part, established there was an adverse and hostile claim which did invade Bradshaw's rights and which he did have a chance to prevent; that so far as one-half of the rights were concerned, it was exclusive and uninterrupted since the meeting with the respective lawyers in 1955 where the claim of right was made. All the tests laid down in *Schultz* and in Havre Irrig. Co. v. Majerus, 132 Mont. 410, 318 P.2d 1076, have been met.

There were and are other facets involved in the rights of the parties. The seepage waters from other sources, waste waters from other irrigation, were shown to exist so that Bradshaw's claim to 132/142 of the total water was never really established in any event. Then, too, Bradshaw did not establish either the need or the beneficial use of the entire volume of water which he claimed.

Bradshaw, in his brief, insists that Ohrmann did not deprive him of the use of his water. Yet, Bradshaw's testimony is not thus nor is Ohrmann's. Thus there is abundant testimony to support the trial court's findings and thus the judgment.

Motions to dismiss the appeal were made by respondent, but in view of our holding on the merits it is not necessary to rule on the motions.

No error having been shown, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY, and HASWELL, concur.